DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Bruce Worthy appeals from a judgment in the Lorain County Court of Common Pleas adjudicating him a sexual predator. This Court affirms.
On November 25, 1989, the thirty-four-year-old Worthy offered a ride to a nineteen-year-old female. Rather than driving the female to her destination, however, Worthy departed from the expected route and turned onto a dirt road leading to a river. The female victim requested that she be allowed to leave the car, but Worthy refused and continued driving. When the victim opened the passenger door in an attempt to escape, Worthy grabbed her, restraining her with one hand while continuing to drive with the other. The victim screamed and struggled, grabbing the steering wheel and gearshift lever and causing Worthy's vehicle to veer off the dirt road and into a ditch.
At that point Worthy overpowered the victim and placed himself on top of her. He then stated that he wanted oral sex. Worthy also fondled the victim and unbuckled her pants, attempting to remove them. He then began to express concern over the fact that his car was in the ditch. The victim managed to convince Worthy that she would help him remove his vehicle from the ditch. When Worthy exited the vehicle, the victim jumped out and fled. Worthy was apprehended after returning to the scene a short time later.
The Lorain County Grand Jury indicted Worthy on January 3, 1990, on one count of kidnapping in violation of R.C.2905.01(A)(4), one count of abduction in violation of R.C.2905.02(A)(2), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1). Two specifications for causing physical harm to the victim were also charged, as Worthy had a previous conviction for an offense of violence. Worthy pleaded not guilty to the charges against him and the matter proceeded to trial. Following a mistrial, Worthy subsequently pleaded guilty to the charges of abduction and gross sexual imposition with the physical harm specification on August 28, 1990. The kidnapping charge and the specification to the abduction charge were nolled. On that same day, the trial court sentenced Worthy to two to ten years on the abduction charge and one-and-a-half to five years on the gross sexual imposition charge, with the sentences to run concurrently.
In May 1997, a sexual predator hearing was held pursuant to R.C. 2950.09. In an entry journalized May 8, 1997, the trial court adjudicated Worthy a sexual predator. Worthy timely appeals this judgment, asserting three assignments of error.
 Assignment of Error No. I
THE TRIAL COURT ERRED IN FAILING TO FIND AND HOLD THAT OHIO REVISED CODE § 2950.01 ET SEQ. [sic] IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANT AS A RETROACTIVE, EX POST FACT [sic] LAW AND THEREFORE IN FINDING DEFENDANT A SEXUAL PREDATOR.
In his first assignment of error, Worthy argues that R.C.2950.09(C) violates the prohibition against retroactive laws found in Section 28, Article II of the Ohio Constitution and the prohibition against ex post facto laws found in Section 10, Article I of the United States Constitution. This Court has previously held that R.C. 2950.09(C) does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution. State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported. Accordingly, Worthy's first assignment of error is overruled.
 Assignment of Error No. II
THE TRIAL COURT ERRED WHEN IT FAILED TO FIND R.C. 2950.01 ET SEQ. [sic] AS APPLIED TO HIM TO BE AN UNCONSTITUTIONAL DENIAL OF DUEL [sic] PROCESS AND EQUAL PROTECTION.
In his second assignment of error, Worthy contends that, because R.C. 2950.09 provides for different treatment of persons convicted of sexually oriented offenses depending upon whether they were incarcerated on January 1, 1997, the statute violates the equal protection provisions of both the United States Constitution and the Ohio Constitution. He urges this Court to hold the statute unconstitutional under the strict scrutiny test, which Worthy asserts is implicated due to the involvement of his fundamental liberties, "including the right to travel and live where and when one pleases, and privacy." This Court has previously considered this argument and found it to be without merit.[1] See State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported; State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported.
 Assignment of Error No. III
THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT TO BE A SEXUAL PREDATOR SINCE NO EVIDENCE WAS PRODUCED ON WHICH A CONCLUSION, BY CLEAR AND CONVINCING EVIDENCE, COULD BE MADE ON THE ISSUE OF WHETHER APPELLANT WAS "LIKELY" TO ENGAGE IN SUCH ACTS IN THE FUTURE.
In his final assignment of error, Worthy argues that the state failed to satisfy its burden in demonstrating by clear and convincing evidence that Worthy is likely to engage in future sexually oriented offenses. This Court finds this assertion to be without merit.
A trial court must consider all relevant factors in determining whether an individual is a sexual predator, including but not limited to those factors set forth in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Upon consideration of these and other relevant factors, the trial court shall determine whether an individual such as Worthy is a sexual predator based upon clear and convincing evidence. R.C. 2950.09(C)(2). This Court has previously explained that "[t]he standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact." State v. Medina
(Mar. 31, 1999), Lorain App. No. 97CA006792, unreported.
This Court's examination of the record indicates that the evidence before the trial court supports Worthy's designation as a sexual predator. The trial court heard testimony from one of the officers who had investigated Worthy in connection with the charges underlying the 1990 convictions. The officer testified as to the details of Worthy's criminal conduct toward the victim, already set forth herein, and further noted Worthy's history of criminal convictions: assault in 1977, receiving stolen property in 1979, assault with possession of marijuana in 1980, drug trafficking in 1981, aggravated menacing in 1989, and most notably, sexual battery in 1986. This latter conviction was given due consideration by the trial court, which stated at the conclusion of the hearing:
 The Court notes particularly, in reviewing the presentence report, that in the prior conviction of sexual battery, that it is explained that the Defendant sexually assaulted a 24-year-old female after meeting her at a bar. The victim followed the Defendant to Central Park area on the pretense that the Defendant would supply her with some drugs. The Defendant began to fondle the victim, struck her several times in the head, and proceeded to have sexual intercourse with her against her will.
 There appears to be a demonstrated pattern here between the prior sexual battery as well as the case at bar, and that is, the Defendant selecting young women and taking them to a remote location in the county on a false pretense, and then performing unlawful sexual contact and acts. There is force that has been used in this case as well as the prior case.
 And considering all factors, the Court does find, by clear and convincing evidence, that the Defendant is a sexual predator.
Worthy's history of sexual misconduct and the strong likelihood that he would reoffend indicated by that history were but two factors the trial court weighed in reaching its decision. In its entry of May 8, 1997, the trial court explicitly set forth findings regarding the remaining statutory factors to be considered, noting not only Worthy's criminal record and his pattern of abuse, but also Worthy's failure to have participated in any available programs for sexual offenders after his prior sexually oriented offense, his display of cruelty toward the victim, and his history of aggressive behavior. Given the evidence presented to the trial court establishing a demonstrated pattern of sexual abuse by Worthy and the satisfaction of numerous other statutory factors to be considered, this Court affirms the decision of the lower court finding by clear and convincing evidence that Worthy is a sexual predator likely to engage in the future in one or more sexually oriented offenses.
Worthy's assignments of error are overruled. The trial court's decision is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P. J.
QUILLIN, J.
CONCUR
(Quillin, J., Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] This Court has not previously addressed, however, Worthy's assertion that R.C. Chapter 2950 triggers application of the strict scrutiny test because it violates his fundamental rights, "including the right to * * * live * * * when one pleases." (Emphasis added.) Worthy does not elaborate on what the alleged fundamental right to live when one pleases entails or how this interference arises, and indeed, it is beyond this Court's cognizance how hecould elaborate on this nonsensical portion of his argument.